UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THERON AND LINDA RUST,　　　)
　　　　　　　　　　　　　　　)　NO. **CV-11-3057-LRS**
　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　)　**ORDER GRANTING**
　　　　　　　　　　　　　　　)　**MOTION TO AMEND**
　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
BITTNER & HAHS, PC AND,　　　 )
COLUMBIA RECOVERY GROUP,　　 )
LLC,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　)
_____)

**BEFORE THE COURT** are the following motions: Defendant Bittner & Hahs, PC's ("Defendant") Motion To Dismiss For Failure to State a Claim (ECF No. 5); and Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 9). These motions were noted without oral argument.

　　A.　　Defendants' Motion to Dismiss

On May 18, 2011, Plaintiffs filed a complaint in the United States District Court for the Eastern District of Washington seeking relief under the FDCPA. Plaintiffs allege two counts of violations of the FDCPA. (See Complaint Counts I and II.)

Defendants argue that assuming Plaintiffs' parenthetic reference to 15 U.S.C. §§1692e(2)(A), 1692e(l0), 1692f, 1692f(l), and 1692i(a)(2) is sufficient to give Defendants fair notice of the nature of Plaintiffs' claims, Plaintiffs nevertheless fail to state a claim for which relief can be granted because they fail to allege facts from which the Court can infer they will be able to establish the

**ORDER GRANTING MOTION**
**FOR LEAVE TO AMEND -1**

foundational elements of each of these claims.

Plaintiffs did not respond to Defendants' motion to dismiss but instead filed a motion for leave to amend their complaint.

B.     Plaintiffs' Motion for Leave to Amend Complaint

Plaintiffs seek leave to amend their complaint in order to (i) clarify factual circumstances previously pleaded, (ii) expound upon legal theories previously delineated, and (iii) ensure that Defendants are provided with fair notice of the claims being asserted against them. Plaintiffs argue that the allegations included in their proposed amended complaint will serve to ensure that Plaintiffs' rights are fully adjudicated on the merits.

Defendant responds that amendment of the complaint would needlessly prolong litigation. Defendant further argues that Plaintiffs cannot make a prima facie showing that the corporate lease was a "debt" as defined by the FDCPA, and therefore cannot establish any of their claims. Even if Plaintiffs were to establish the lease created a "debt" and satisfy the Court that their claims are not barred, Plaintiffs cannot make a prima facie showing as to all the elements of Counts I through IV of the proposed Amended Complaint. Finally, Defendant argues that Counts I through III are barred by the *Rooker-Feldman* doctrine and collateral estoppel. Therefore, Defendant concludes, Plaintiffs' cannot be saved by amendment and leave to amend should be denied.

Plaintiffs reply that Fed. R. Civ. P. 15(a) allows for liberal amendment of pleadings and contrary to what Defendant argues, their alleged obligation is a "debt" as defined by the FDCPA. Further, Plaintiffs' claims are not barred by the *Rooker-Feldman* doctrine because Plaintiffs are not claiming injury caused by the

///
///
///

**ORDER GRANTING MOTION**
**FOR LEAVE TO AMEND -2**

state court judgment,[1] but rather for an injury caused by Defendants' debt collection efforts. Finally, Plaintiffs assert, their claims are not barred by collateral estoppel because the issue of whether the underlying debt is valid has nothing to do with whether Defendants used unfair methods to collect that debt.

Plaintiffs, in the proposed Amended Complaint, have voluntarily withdrawn their FDCPA claim pursuant to section 1692(e)(2)(A). As to all other claims, Plaintiffs argue that their allegations, accepted as true at this stage, and all reasonable inferences therefrom, sufficiently state causes of action for violations of the FDCPA .

### C. Legal Standards

"Under the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires." *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir.1983). "This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

---

[1] On or about August 4, 2010, Defendant B&H, itself and on behalf of Defendant CRG, commenced legal action against Plaintiffs in the Circuit Court for the State of Oregon, County of Washington, civil action number C105130CV (the "state court action"). The dispute was subject to mandatory arbitration, which took place on March 9, 2010. Following arbitration, Columbia Recovery Group, LLC was awarded the full amount owing on the Lease ($3,741.78), pus attorney fees and costs.

**ORDER GRANTING MOTION**
**FOR LEAVE TO AMEND -3**

The Court finds that at this stage in the proceedings, and finding no undue delay, bad faith or dilatory motive on the part of the Plaintiffs, justice requires that leave to amend the complaint be given.

**IT IS HEREBY, ORDERED, ADJUDGED AND DECREED** that:

1. Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 9) is **GRANTED**. Plaintiffs are directed to file their Amended Complaint.

2. Defendant Bittner & Hahs, PC's Motion To Dismiss [Plaintiffs' original Complaint) For Failure to State a Claim (ECF No. 5) is **DENIED as MOOT.**

3. Plaintiffs' Motion for Leave to File Excess Pages (ECF No. 17) is **GRANTED**.

**IT IS SO ORDERED**. The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this 19th day of August, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION FOR LEAVE TO AMEND** -4