UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

THERON AND LINDA RUST,

    Plaintiffs,

v.

BITTNER & HAHS, PC AND, COLUMBIA RECOVERY GROUP, LLC,

    Defendants.

NO. **CV-11-3057-LRS**

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

**BEFORE THE COURT** are the following motions: Defendant Bittner & Hahs, PC's ("Defendant") Motion For Summary Judgment (ECF No. 46); and Defendant Columbia Recovery Group, LLC's Motion for Summary Judgment (ECF No. 41). A telephonic hearing was held March 22, 2012. Joseph Panvini participated on behalf of the Plaintiffs; Kevin Curtis and Jeffrey Hassan participated on behalf of Defendants. The Court having considered the oral and written argument of counsel, enters this Order.

**A.   Summary of Facts**

Resource Management ("Resource") is a sole proprietorship of which Theron Rust is the chief executive officer and Linda Rust its financial manager. Tracy Rust, Theron and Linda's daughter, was an employee of Resource. Columbia Recovery Group, LLC ("Columbia") is a collection agency. Bittner & Hahs, PC ("B&H"), a law firm registered to do business in the State of Oregon, represented Columbia in its state court action against Theron and Linda Rust.

On or about April 9, 2009, Resource, through Theron, signed a letter to

**ORDER  - 1**

Nexus Apartments ("Nexus") wherein Mr. Theron stated "As CEO of Resource Management, I acknowledge that Tracy Rust will be occupying an apartment at Nexus Apartments at Orenco Station, commencing on April 15, 2009, under a corporate lease in Resource Management's name. …"

On or about April 11, 2009, Resource, through Theron, further stated in writing to Nexus:

> "This is to serve as a letter of responsibility for the above listed rental unit … Our company, Resource Management, shall be responsible for payment of rent and any other services/amenities/products contracted for as a part of the rental agreement entered into with the above named property and/or company.
> Resource Management will also assume responsibility for any damage beyond normal wear and tear …
> Resource Management is a sole proprietorship that operates on a cash basis under personal service contracts." ECF No. 14, at 24.

Theron Rust also affirmed in a letter to Nexus, prior to the signing of the lease, that Resource Management was financially responsible for the unit leased, as well as any future units . The letter provided also authorized Tracy Rust to occupy the unit and sign all rental agreements on behalf of Resource Management.

The lease was a corporate lease. In conformance with Nexus' policy regarding references for corporate leases, Mr. Rust provided references on behalf of Resource Management. The lease identified the resident of Unit #207 as "Resource Management Corporate". The leasing consultant who was involved in the lease of Unit #207 to Resource Management understood that Resource Management was leasing the Unit, so that its employee Tracy Rust could use the unit to perform work for resource Management in the Hillsboro, Oregon area.

Tracy Rust signed the lease on behalf of Resource Management on April 15, 2009, at the Nexus offices in Hillsboro, Oregon, within Washington County. Ms. Rust confirmed to Nexus that she was an employee of Resource Management, a company owned by Theron and Linda Rust, and would be using Apartment #207

**ORDER - 2**

while she performed work for Resource Management. Ms. Rust also specifically identified Resource Management as the responsible party on the lease. Had Ms. Rust been the responsible party on the lease, Nexus would have ordered a background check on Ms. Rust. Because Resource Management was the lease holder, Nexus ordered no such background check.

On October 30, 2009, Resource Management vacated the unit. A balance of $3,741.87 remained owing under the terms of the lease. Nexus sent a statement for $3,741.87 to Resource Management in care of Ms. Rust at her new address in North Las Vegas, Nevada on or about November 20, 2009. Nexus assigned its claim to Columbia on June 22, 2010. B&H filed suit against Plaintiffs on behalf of Columbia in Washington County, Oregon on August 6, 2010 for the unpaid account to Nexus. The case proceeded to mandatory arbitration. On or about May 17, 2011, Columbia was awarded the full amount owing on the lease ($3,741.78) plus attorney fees and costs. Judgment was entered in the Washington County Circuit Court on August 4, 2010. The Rusts never appealed.

B.   Legal Standards

The summary judgment procedure is a method for promptly disposing of actions. See Fed. R. Civ. Proc. 56. The judgment sought will be granted if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc 56(c). "[A] moving party without the ultimate burden of persuasion at trial may carry its initial burden of production by either of two methods. The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir.2000). If the movant meets its burden, the nonmoving party must come forward with specific facts demonstrating a genuine factual issue for trial.

**ORDER - 3**

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In opposing summary judgment, the nonmoving party may not rest on his pleadings. He "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The Court does not make credibility determinations with respect to evidence offered, and is required to draw all inferences in the light most favorable to the non-moving party. See *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts...." *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 (9th Cir.1980).

1.  Defendant Columbia's Motion for Summary Judgment[1]

The FDCPA precludes debt collectors from implementing unlawful debt collection tactics against consumers. "Consequently, the [FDCPA] applies to consumer debts and not business loans." *Bloom v. I.C. System, Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). The FDCPA defines a consumer debt as, "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the . . . property . . . which [is] the subject of the transaction [is] primarily for personal, family, or household purposes. . . ." 15 U.S.C. § 1692a(5).

---

[1] B&H joined in Defendant Columbia's motion for summary judgment.

**ORDER - 4**

Defendants argue that despite the personal benefit to the plaintiffs and their employee/family members, the plaintiffs clearly used the apartment for business purposes and affirmed as much on the face of the apartment lease agreement. See ECF No. 13, Exh. A.  Defendants assert the debt was incurred by Resource Management, and Theron Rust also confirmed its business purpose by describing how Tracy Rust, an employee of Resource Management, would be occupying the unit while she worked on projects for Resource Management in the Portland area. Mr. Rust affirmed the same employee would deliver rent checks from Resource Management to Nexus each month.  Mr. Rust affirmed that his business, Resource Management, would be responsible for the lease of the unit Tracy Rust would be occupying, as well as any other units Resource Management may lease in the future. Defendants conclude that all of the documents exchanged between Nexus and Resource Management affirm the debt was incurred for a business purpose.

Plaintiffs respond in opposition that although a debt may be nominally incurred by a business, it is the end use of the subject of the transaction creating the debt that is determinative. Plaintiffs assert, relying on Ninth Circuit case law, that where a debt is incurred in the name of a business, and has the ostensible form of a business transaction, the debt would nonetheless be a consumer "debt" where the subject of the loan was used for a personal, family, or household purpose. *Slenk v. Transworld Sys., Inc*., 236 F.3d 1072, 1075-76 (9th Cir. 2001).

Plaintiffs assert that the apartment was used as a residence. Even if any business was done out of the apartment by Ms. Rust, such as occasional phone calls or emails, that would not change the nature of the debt to a business debt, where the apartment was being used as a residence, not only by Ms. Rust, but by her husband and two cats – none of whom were involved in the business of Resource Management. Plaintiffs conclude that the plain language of the FDCPA does not require the debt be incurred "exclusively" for personal, family, or household purposes, but only "primarily." 15 U.S.C. § 1692a(5).

**ORDER  - 5**

The Court has considered the purpose for which the credit was extended in order to determine whether the transaction was primarily consumer or commercial in nature. It appears Mr. Rust, as CEO of Resource Management, clearly set this lease up as a "corporate lease" for a business purpose based on his representations to Nexus. Regardless of the personal or familial relationship between the owners of Resource Management and its employee Tracy Rust, the Court finds the lease is not a consumer debt because it was not entered primarily for personal, family or household purposes based on the documents exchanged between Nexus and Resource Management; Mr. Rust's representations when the lease was established; and the undisputed facts of record. In this case, the Court finds the debt was for business purposes and is not within the purview of the FDCPA. Therefore, Plaintiffs' FDCPA claims fail.

  2.  Defendant B&H's Motion for Summary Judgment

Defendant notes that in the Oregon Litigation, Plaintiffs argued that they did not owe the debt because they did not sign the lease or have any contact with Nexus and asserted venue and jurisdiction were improper because they did not reside or sign any contract in Washington County. ECF No. 14, at Exh. B. Defendant argues that after the Washington County Circuit Court resolved Columbia's claim against Plaintiffs, Plaintiffs brought the instant action asking a federal court to rule on the very issues resolved by the state court. Under *Rooker-Feldman*[2], Defendant

---

[2]Under the *Rooker-Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear a direct appeal from a final state court decision. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). Jurisdiction is barred only if

**ORDER - 6**

concludes, this Court has no jurisdiction to do so.

Defendant further asserts that Plaintiffs are state-court losers. The arbitrator entered judgment against Plaintiffs finding they were liable on the debt. Plaintiffs have not appealed. Plaintiffs only injury is the judgment ordering them to pay the debt and the costs of defending themselves against Columbia's claims. Because of the nature of Plaintiffs' claims, to evaluate Plaintiffs' claims, the Court must review and determine the validity of the underlying debt and the propriety of Washington County venue just as did the arbitrator in the Oregon litigation. Defendant concludes, although couched in terms of Defendants' conduct, all of Plaintiffs' FDCPA claims require this Court to review the facts and issues decided in the Oregon litigation. Therefore, under *Rooker-Feldman*, this Court has no jurisdiction to hear Plaintiffs' claims.

The Court finds above that there is no issue of material fact as to whether the corporate lease created a debt for purposes of the FDCPA. Summary judgment is appropriate on all counts. The Court need not analyze Defendant B&H's motion to dismiss under *Rooker-Feldman* as to Counts I, III and IV.

3. Conclusion

Plaintiffs cannot satisfy the fundamental requirement of any FDCPA claim because the corporate lease did not create a "debt" as defined by the FDCPA. Because Plaintiffs cannot create a genuine issue of fact, their Counts I through IV are dismissed as a matter of law.

**IT IS HEREBY, ORDERED, ADJUDGED AND DECREED** that:

1.  Defendant Bittner & Hahs, PC's Motion For Summary Judgment,

---

the plaintiff is seeking review of a claim actually decided by a state court or a claim that is "inextricably intertwined" with a state court judgment. *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 473 (10th Cir. 2002)).

**ORDER - 7**

**ECF No. 46**, is **GRANTED**.

2. Defendant Columbia Recovery Group, LLC's Motion for Summary Judgment, **ECF No. 41**, is **GRANTED**.

3. Plaintiffs' Motion to Strike, **ECF No. 38**, is **DENIED as MOOT.**

**IT IS SO ORDERED**. The District Executive is directed to enter this order, forward copies to counsel, and enter judgment consistent with this order.

**DATED** this 19th day of April, 2012.

*S/ Lonny R. Suko*

_____
LONNY R. SUKO
United States District Judge

**ORDER - 8**